UNITED STATES of America,
Appellee,

v.

Mario TORO, Defendant–Appellant.

No. 05–6029–cr.

United States Court of Appeals,
Second Circuit.

Feb. 29, 2008.

James M. Branden, New York, NY, for Appellant.

Diane Gujarati, Assistant United States Attorney (Michael J. Garcia, United States Attorney, on the brief; Marcus Asner, Assistant United States Attorney, of counsel), United States Attorney's Office for the Southern District of New York, New York, NY, for the United States of America.

PRESENT: JOSÉ A. CABRANES, ROSEMARY S. POOLER, and ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Mario Toro appeals from an October 19, 2005, 2005 WL 2709120, order of the District Court, declining to resentence him on a remand ordered pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005). On appeal, he contends that his counsel provided ineffective assistance to him by failing to present certain arguments that, if made to the District Court, "would, most probably, have made a difference" to the outcome of the *Crosby* remand. Appellant's Br. 14. At oral argument, he advanced the additional claim that the District Court failed to adequately discharge its duties on the *Crosby* remand. We assume the parties' familiarity with the facts and the procedural history of the case.

The Supreme Court has observed that, "in most cases[,] a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective-assistance." *Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *accord United States v. Khedr,* 343 F.3d 96, 99–100 (2d Cir.2003). This is because it is generally better for ineffective assistance of counsel claims to "be litigated in the first instance in the district court, the forum best suited to developing the facts necessary to determining the adequacy of representation during an entire trial." *Massaro,* 538 U.S. at 505, 123 S.Ct. 1690; *accord Khedr,* 343 F.3d at 100.

In keeping with the approach suggested by the Supreme Court, we decline to consider Toro's ineffective assistance of counsel claims at this stage of his case. We therefore turn to Toro's claims regarding the District Court's conduct of the *Crosby* remand.

Toro, adverting to the District Court's observation that the sentence originally imposed upon him was "reasonable," contends that the District Court used the wrong legal standard in deciding not to resentence him. However, the District Court's remark does not indicate—nor does our review of the record reveal—that the District Court failed to consider the requirements of section § 3553(a). "[W]e entertain a strong presumption that the sentencing judge has considered all arguments properly presented to her, unless the record clearly suggests otherwise. This presumption is especially forceful when, as was the case here, the sentencing judge makes abundantly clear that she has read the relevant submissions and that she has considered the § 3553(a) factors." *United States v. Fernandez,* 443 F.3d 19, 29, *cert. denied* —— U.S. ——, 127 S.Ct. 192, 166 L.Ed.2d 143 (2006). In the in-

stant case, the District Court declined to resentence Toro based on its understanding that the sentence imposed upon Toro appropriately reflected "all of the factors enumerated in Section 3553(a)." Joint Appendix 90. When arriving at this conclusion, the District Court took particular note of "the nature and extent of Toro's criminal conduct and his obstruction of justice." *Id.* Toro points to no evidence (1) contradicting the District Court's conclusions or (2) suggesting that the District Court misunderstood or misperceived any factual matters relevant to sentencing.[1] Nor is such evidence revealed by our review of the record. For these reasons, we decline to conclude that the District Court's refusal to resentence Toro was procedurally or substantively unreasonable. *Cf. United States v. Fleming,* 397 F.3d 95, 100 (2d Cir.2005) (noting that a district court "demonstrate[s] the adequate discharge of the duty to 'consider' matters relevant to sentencing" if the court is "aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable, and nothing in the record indicates misunderstanding about such materials or misperception about their relevance"). We therefore AFFIRM the judgment of the District Court.

---

1. Toro contends that the outcome of the *Crosby* remand would have been different had the District Court considered Toro's assistance to the government, Toro's acceptance of responsibility, and the conditions under which Toro was confined while awaiting extradition from Colombia to the United States. We disagree with the factual premise of Toro's argument. As the record reveals, the District Court was clearly aware of these factors but deemed them insufficient to warrant a below-Guidelines sentence in light of, *inter alia*, Toro's repeated lies to the Government "[d]uring proffer sessions following his arrest," his commission of perjury during his *Fatico* hearing, and his decision to "jump[ ] bail and fle[e] to Canada and Colombia." *See* Joint Appendix 89.

